UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONTE JOHNSON,

                    Plaintiff,

      -against-

WARDEN TELLEZ,

                    Defendant.

21-CV-5059 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at the Metropolitan Detention Center (MDC) in Brooklyn, New York, brings this *pro se* action under 42 U.S.C. § 1983. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction for the civil action in question, § 1391(c)(2).

    Here, Plaintiff contends that the conditions of his confinement at MDC Brooklyn are unconstitutional. Specifically, he alleges that unit 73, where he has been housed, has inoperable toilets and plumbing. Moreover, when he spent 21 days in administrative segregation in the East

Wing of MDC Brooklyn, his cell was "filthy." (ECF 1 at 2.) He is now being treated for a "terrible case of 'fungus'" that resulted from the unsanitary conditions. (*Id.*) Plaintiff further alleges, among other things, that he is being denied adequate recreation at MDC Brooklyn.

Plaintiff's complaint is based on events occurring at MDC Brooklyn, which is located in Kings County, in the Eastern District of New York. 28 U.S.C. § 112(c). Plaintiff has not named any defendant alleged to reside in this district, and he alleges that all of the events giving rise to his claims took place in Brooklyn, outside this district. Venue is thus not proper in this Court under section 1391(b)(1), (2).

Because Plaintiff's claims arose in Brooklyn, in Kings County, under section 1391(b)(2), venue does lie in the Eastern District of New York. Accordingly, this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated:   June 8, 2021
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[1] Plaintiff has not paid the filing fees or filed an *in forma pauperis* application or prisoner authorization.