UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------x
LAMONTE JOHNSON,

        Plaintiff,             **MEMORANDUM AND ORDER**
                                                    21-CV-3361 (KAM)(LB)

    -against-

WARDEN HERIBERTO TELLEZ,

        Defendant.
----------------------------x
KIYO A. MATSUMOTO, United States District Judge:

        Plaintiff Lamonte Johnson, currently incarcerated at the Metropolitan Detention Center ("MDC"), brings the instant *pro se* action pursuant to 42 U.S.C. § 1983.[1]  (*See* ECF No. 8, Complaint ("Compl.").)  Plaintiff's request to proceed *in forma pauperis* is granted.  (*See* ECF No. 9.)  Plaintiff's request for pro bono counsel is denied without prejudice.  (*See* ECF. No. 6.)  For the reasons discussed below, the complaint is dismissed, and plaintiff is granted 30 days leave from the date of this Memorandum and Order to file an Amended Complaint.

**BACKGROUND**

        Plaintiff brings this action in connection to events that allegedly occurred at the MDC from February 17, 2021 to the present, but his form complaint is difficult to comprehend. Plaintiff's "Statement of Claim" does not allege any facts and

---

[1]  This action was transferred to this court from the United States District Court for the Southern District ("Southern District") of New York on June 15, 2021.  (*See* ECF Nos. 2, 3.)

1

instead states, "[see attachments] and incoming-and-outgoing mail is being violated/tampered with." (Compl. at 3, 4.) Under the "Injuries" section of the form complaint plaintiff states "[see attachments] and psychological and emotional tourture [sic], i.e. cruel & unusual punishment." (*Id.* at 4.) In the "Relief" section of the complaint, plaintiff seeks $6 million in damages. (*Id.* at 5.)

Plaintiff's attachments appear to be copies of emails that plaintiff sent to Federal Bureau of Prisons officials complaining about poor conditions at the MDC. (*See* ECF. No. 8-1, Exhibits.) In a June 17, 2021 email with the subject line, "Pro-Bono Counsel, Pursuant to Section 1951," plaintiff includes a complaint seeking pro bono counsel, "in light of the on-going tampering with Plaintiff's in-coming and out-going mail." (*See id.* at 4.)

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the court must assume the truth of "all well-

pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).  Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A.

**DISCUSSION**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019).

Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 because the statute does not apply to federal officials. *See United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers."). Even if plaintiff's § 1983 claims were liberally construed as *Bivens* claims, the court is unable to determine what claims plaintiff is attempting to allege against the defendant and, thus, cannot evaluate whether

4

plaintiff's allegations state a claim for relief.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) (per curiam) (construing Section 1983 claim by *pro se* plaintiff as *Bivens* claim against federal defendants).  Neither the court nor the defendant should have to parse through the complaint or the attached exhibits to ascertain the factual basis for plaintiff's claims.  Even liberally construing the complaint in plaintiff's favor, the complaint fails to state a claim upon which relief can be granted under *Bivens* because plaintiff fails to allege any specific acts by the defendant that indicate the defendant's personal involvement in the alleged constitutional violation.  *See Sash v. United States*, 674 F. Supp. 2d 531, 542 (S.D.N.Y. 2009) ("Similar to a suit brought under 42 U.S.C. § 1983, a *Bivens* action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation.").  Accordingly, the court dismisses the complaint without prejudice to allow plaintiff an opportunity to file an amended complaint.[2]

---

[2]   At this time, the court declines to determine whether plaintiff properly exhausted his claim under the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(a); *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (per curiam) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." (alteration in original)).

As to plaintiff's request for a preliminary injunction, plaintiff's allegations are insufficient to show a likelihood of success on the merits of his claims, or sufficiently serious questions going to the merits of his claims and a balance of hardships tipping in his favor.  *See UBS Fin. Servs., Inc. v. W. Virginia Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011).  Hence, the court denies plaintiff's motion for preliminary injunction.

In light of this court's duty to liberally construe *pro se* complaints, plaintiff is granted 30 days, or until October 15, 2021, from the date of this Order to file an Amended Complaint.  Should plaintiff elect to file an Amended Complaint he must set forth the factual and legal basis, and plead facts in a clear and concise manner in order to support his claim against the named defendant, and he must state the relief that he is seeking with respect thereto.  Plaintiff cannot merely refer to exhibits or other documents to replace a statement of facts supporting his claim.  Plaintiff is advised that any amended complaint he elects to file will completely replace, not supplement, the original complaint.  The Amended Complaint must be captioned as an "Amended Complaint," and bear the same caption and docket number as this Order: 21-CV-3361 (KAM) (LB).

**CONCLUSION**

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  Plaintiff's request for pro bono counsel is denied without prejudice.

Plaintiff is granted 30 days leave from the date of this Memorandum and Order to file an Amended Complaint as detailed above.  The Clerk of Court is directed to send a copy of this Memorandum and Order and a prisoner's civil rights complaint form to plaintiff.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.

If Plaintiff fails to amend the Complaint within 30 days as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered dismissing this case.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                          /s/
                                        KIYO A. MATSUMOTO
                                        United States District Judge
                                        Eastern District of New York

Dated: September 15, 2021
       Brooklyn, New York