RECEIVED IN PRO SE OFFICE
MAR 10 2022

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 10 2022 ★

BROCKLYN OFFICE

United States District Court
Eastern District Of New York

## AMENDED COMPLAINT

21-CV-5059(LTS)

[JURY DEMAND]

Lamonte Johnson
PO Box 329002
Brooklyn, NY 11232

V.

Warden Heriberto Tellez in both his individual and official capacity. PO Box 329002, Brooklyn NY 11232

Grievance Officer John Doe in both his individual and official capacity. PO Box 329002, Brooklyn NY 11232

### JURISDICTION

This court has jurisdiction to proceed in this matter, Pursuant to 42 USC Section 1983. The plaintiff seeks a jury trial.

### PLAINTIFF

The Plaintiff, Lamonte Johnson, is and was at all times mentioned herein a sentenced prisoner serving two consecutive sentence of 20 to life sentences and a pretrial detainee with pending criminal charges in the United States Court, see docket # 1:19-CR-00221. The defendant are and were at all times mentioned herein employees of the Federal Bureau of Prisons, who's duties and responsibilities included but are not limited to implementing policies regarding the safety, custody, and care of the complainant.

### DEFENDANTS

The Defendants are and were at all times mentioned herein employees of the United States Federal Bureau of prisons, who's duties and responsibilities include but are not limited to the care, health, custody of the plaintiff.

The Defendants are responsible for implementing the policies, procedures and practices at the facility that the plaintiff is now housed at.

### ADMINISTRATIVE RELIEF

As this complaint deals with prison conditions that include the defendant's failure to respond adequately to the COVID-19 virus as well as the defendant's policy and/or custom to ignore inmate complaints and grievances. The plaintiff who has

written the defendant several times directly complaining about the prison's filthy unsafe conditions and constitutional violations that he has suffered as a result of the defendant's policies, customs, systematic failures, and habit of ignoring inmate complaints. The plaintiff cites Justice Sotomayor's ruling Valentine v Collier (978 F 3rd Circuit 154):

"Federal courts do have an obligation to ensure that prisons are not deliberately indifferent in the face of danger and death. Exceptions to the Prison Litigation Reform Act (PLRA) applies here as this complaint deals with the defendant's violation of the plaintiff's 4th, 8th, and 14th Amendment Rights."

== Facts ==

1. In April and May of 2021 the plaintiff filed a complaint with the warden's office complaining that he wasn't getting his mail.
2. Other plaintiffs filed several complainants several complaints. The warden didn't answer a single one.

3. Between April and August 2021, after not receiving responses, the plaintiffs attempted to file grievances through the grievance procedure complaining about not receiving his legal mail.

4. In his complaints, the plaintiff complained that the mail room staff was denying him access to courts by failing to timely process outgoing/incoming legal mail from/to him. The warden's office has taken an unwritten policy of not responding to grievances or complaints dealing with the mail room or grievance procedures from the plaintiff.

5. The grievance procedure in the facility is functionally non-existent.

6. The plaintiff complained several times to the warden's office that CDC guidelines were not being properly followed as no one was coming through to disinfect tables, chairs, or shared items (computers, telephones, etc.).

7. Although the facility has had, in 2021 alone, several back-to-back hospitalization of inmates and deaths, the warden's office refused to carry out a disinfectant and cleaning regimen.

8. To this day, defendant Tellez has not answered any complaints addressed to his office addressing COVID, grievance procedures, or mishandling mail, which has denied the pro se plaintiff meaningful access to the courts.

9. For several months the warden's office has failed to implement a policy that would allow for meaningful cleaning of units to mitigate the spread of COVID, thereby placing the plaintiff in harm.

10. The defendant initially filed his complaint with the court as a just a complaint, which was construed as a Section 42 USC 1983 by Judge Colleen McMahon.

11. Since the filing of this complaint, the MDC facility has several COVID outbreaks which potentially placed the Plaintiff at risk that could have been minimized had the facility been better disinfected or cleaned pursuant the CDC guidelines for prisons.

12. The plaintiff has suffered mental anguish and anxiety from the uncertainties of living in an unclean and unsafe prison environment.

13. No access to all functions (WITHIN THE COMPUTERS) to retrieve law library on any computers and other selective features within the Nexis-Lexis/computers. And there are problems with the staff providing paper for the printer, where it takes several complaints just to get Ms... Santana to do her job, i.e.., program the computers. This has precluded access to the courts in a timely fashion and to attorneys-and-client communications, since May 11, 2021 since we came to unit #73.

14. I was in the Eastwing box/Admin-Segregation, allegedly for quarantine, for close to 21 days, which was a violation of my rights because I was basically penalized for being in quarantine, without having the virus COVID-19, and made to be placed in a filthy and unsantized cell, without having sanitizers daily, to clean the cell or showers. During that time, I caught a terrible case of "fungus", for which I am taking medications, externally and orally. The showers were filthy and almost never cleaned, and I am diabetic, where I can lose limbs. We were not getting the recreation everyday as per the BOP guidelines, procedures, and practices. And I was lucky if I received recreation three times a week. These "punitive-settings" in that area of the MDC building, was unreasonable punishment without just cause.

15. Conditions at the MBC-Building as [now] designed to mentally, physically, psychologically and emotionally cause trauma to the neurological system, having an enormous effect on the cognitive thinking and thought process. And beating down one's will to think with reason or logically. The modified recreation as of June 1, 2021 is unauthorized. And we do not currently have hands-on for drug or violence programs. This can and will cause his/her environment of an incarcerated individual to become vulnerable, distracted from reality or societies norm; removing or becoming stressed-out and in-and-out of an emotional state of delusions. This can cause an incarcerated individual to be unable to assist in her defense with his/her counsel---at trial and unable to be attentive during court proceedings; unable to determine right from wrong; unable to explicitly or coherently rationalize whether to proceed to trial or plead guilty, living in a hostile and tortuous environment, in which always displays duress and/or coercion tactics to its unwilling guests. Placing men/women in cells all day, with only three hours of recreation daily, only serve to enhance punishment with excruciating-pain and long-term damage to the cerebral cortex and frontal lobe of reasoning and mental tasking. These mental defects can and will, in the future, affect one's ability to reform to our society needs and wants. Irrational thinking or cruel punishment's is never the answer for Prison Reform or incarcerated individuals towards rehabilitation; it serves as an hidden pocket of resistance against our wonderful soil.

16. Individuals that are confined to Special Housing Units or Administration Segregation should not be denied recreation, simply because of "short of staff" or because the officer simply doesn't feel like giving the individual(s) there recreation. There are guidelines, Rules & Regulations and procedures to follow, under the BOP handbook, which has been compromised drastically. Individuals are not allowed to clean and sanitize their cells or if an individual is in Administrative Segregation, he/she should be allowed to have a phone call daily, since his status is not "punitive". Individuals must be allowed to communicate with their attorneys daily, visits should be accommodated and supervisors should be present to assure that BOP Rules and Regulations are followed. Incarcerated individuals' rights are being totally violated---at will--under the Status of "Special Housing Unit/box and administrative segregation". Due to the COVID pandemic, individuals' privileges were modified, but now that there are no cases of positive COVID inmates---at the MDC building---privileges and rights must be restored at full capacities.

17. Recreation for the original 18:30 to 19:30 must be restored and this new "punitive-setting" which allows only six hours, as of June 1, 2021, must be rescinded/rejected. Because I was denied recreation for approximately 28 days.

18. The plaintiff suffered psychological trauma as all incarcerated individuals have a right to be free from harsh conditions, that could potentially cause his/her mental capacity to alter for the worse. "Neurological depreciation", in part, are caused by mental deception, emotional trauma, intentional cause of deprivation of life and liberty.

CLAIMS

FIRST CAUSE OF ACTION

The actions of the defendants described in paragraphs 1-12 are herein incorporated as if realleged, constituted a deliberate indifference to the plaintiff's rights to due process as guaranteed by the 4th Amendment of the US Constitution when he:

   a) Failed to respond to complaints and grievances filed by the plaintiff.

   b) Delayed the processing of the plaintiff's privileged correspondences (i.e., attorney court and legal mail).

   c) Denied plaintiff access to the courts.

   d) Denied plaintiff access to the grievance procedure.

```
TRULINCS 83878053 - JOHNSON, LAMONTE - Unit: BRO-H-A
```
----

FROM: 83878053
TO:
SUBJECT: CONTINUED AMENDED COMPLAINT
DATE: 03/05/2022 02:19:42 PM

SECOND CAUSE OF ACTION

The actions of the defendants described in paragraphs 1-18 are herein incorporated as if realleged, constituted a willful, wanton, reckless, and deliberate indifference to the health and safety of the plaintiff and violated his 8th Amendment Rights to the US Constitution as guarantees the plaintiff right to equal protection from harm as well as the plaintiff's rights to due process as protected by the 4th and 14th amendment when they:

a) failed to followed CDC prison COVID guidelines (for alpha, delta, or omicron)
b) failed to institute a policy to properly clean and disinfect the H-51 unit during the 2020 height of the Covid pandemics.
c) when they exposed the plaintiff to unnecessary risk of harm.
d) denied plaintiff access to the court.

THIRD CAUSE OF ACTION

The actions of the defendants as described in paragraphs 1-18 and the first and second causes of action are incorporated as if realleged by reference, constitute a reckless deliberate indifferent set of facts and circumstances that violate the plaintiff's 4, 8, and 14th Amendment rights, as they did almost nothing to mitigate the plaintiff's excessive risk of exposure to harm, and denied the plaintiff due process by denying him access to the court when they:

1) Failed to clean the 51 housing unit according to CDC guidelines and the Bureau of Prison (BOP) policy.
2) Blatantly ignored BOP policies.
3) Failed to exercise safe social distancing guidelines.
4) Delayed and/or denied the plaintiff his incoming and outgoing legal mail.
5) Refused to and delayed the fixing of the law library computers, so they may be used by pro se litigants like the plaintiff.
6) Failed to answer inmate grievances pursuant to BOP policy.
7) Allowed contagious inmates to mingle with the general inmate population.

RELIEF

The plaintiff seeks a declaratory judgment declaring the defendants' actions to have been unconstitutional and in violation of the plaintiff's constitutional rights.
a) The plaintiff seeks 5 million USD in punitive damages from each defendant in both their personal and official capacities.
b) The plaintiff seeks 5 million USD in compensatory damages from each defendant in both their individual and official capacities.
c) The plaintiff seeks 5 million USD in nominal damages from each defendant in both their individual and official capacity.

Submitted by:

*Lamonte Johnson* (signature)

Lamonte Johnson
PO BOX 329002
Brooklyn, NY 11232

Ramonte Johnson, 03878-053
Metropolitan Detention Center
P.O. Box # 329002
Brooklyn, New York 11232

To: Hon. Kiyo A. Matsumoto
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Legal-Mail